*December*, 1821.     Henry C. Bradford and others *against* James Stewart.

1, Debt lies on a writing for payment of a certain sum at a certain day, "which *may be* discharged in Cotton."
2.    Appearance entered on the docket by one of several defendants, by his attorney—the minutes shew that "the defendants came by their attorney and withdrew their plea. This is a good appearance, and judgment as to all.

THE Chief Justice delivered the opinion of the Court.

This was an action of Debt on an instrument, under seal, for the payment of a sum of money at an appointed day, which might be discharged in cotton at a stated price. In the Circuit Court, at *March* Term 1820, *Stewart* filed his declaration, and at the same term the name of an attorney for *Bradford*, one of the defendants, was marked on the docket. No plea appears; but the Record shows that at *September* Term 1820, " *the defendants* came by *their* attorney, and withdrew *their* plea," and the consequent judgment for the amount of the debt, &c.

1. The first assignment is that the action should have been Covenant, and not Debt. The action of Debt lies to recover money due on specialty or contract under seal *to pay money,* as on single bonds, and on bonds conditioned for the payment of money, or for the performance of any other act." Here is a plain and absolute undertaking to pay a specific sum of money, followed by a condition of which the obligors had a right to avail themselves, and thereby discharge themselves of the payment of money.

They did not (as seems to be implied by the argument of the Counsel for plaintiff in Error) bind themselves to pay a certain sum of money or deliver a certain quantity of cotton. There is no undertaking in the instrument which gave to the obligee a right to demand cotton. He had a right only to demand payment of the sum *of money.* The obligors had a right to discharge themselves, by delivering cotton, at a stipulated price, on the day when the money fell due. After that day the obligee had an absolute and unconditional right to the specific sum of money. This is not a contract to deliver property of a given description, or to pay a certain sum *in property,* or to pay money or deliver property; that part of the bond which related to property was exclusively for the benefit of the obligors. The action of debt was properly brought.

2. The second assignment is that the Court permitted the attorney of one defendant to withdraw the plea of the others.

This assignment does not seem to be supported by the Record. The Record shews the appearance of the attorney of *but one* of the defendants, at the first term, and does not ·shew whether the other defendants then appeared, either in person or by attorney ; but it shews that, at the trial term, " *the defendants* came by *their* attorney and withdrew *their* " *plea,*" &c. ; which is affirmative of a fact, inconsistent with that alleged in the second assignment. We cannot permit the truth of the Record to be impeached, or presume against the correctness of the proceedings in the Court below. If the fact had been, as alleged by the plaintiffs in Error, they should, at proper time, and in legal form have made it appear on the Record.

DECEMBER, 1821.

Henry C. Bradford and others
v.
James Stewart.

Let the judgment be affirmed.

*M‘Kinley*, for plaintiff.

*Minor* and *Taylor*, for defendant in Error.